UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 11-85-GWU

JACKIE LYNN MOSLEY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Jackie Mosley brought this action to obtain judicial review of an administrative denial decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

>in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments). If so, disability is conclusively presumed and benefits are awarded.

>4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

>5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

11-85  Jackie Lynn Mosley

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

3

11-85  Jackie Lynn Mosley

then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

4

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." <u>Abbott v. Sullivan</u>, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. <u>Id</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Mosley, a 53-year-old former cashier, certified nurse's assistant, restaurant manager and teacher's aide with a high school education, suffered from impairments related to being status post two lumbar spine surgeries, including a lumbar laminectomy and lumbar spinal fusion surgery. (Tr. 48, 53). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 50, 53). Since the

11-85 Jackie Lynn Mosley

available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 53-54). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 53).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of DIB. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert James Miller included an exertional restriction to light level work restricted from a full range by such non-exertional limitations as an inability to more than occasionally balance, stoop or crouch and the need for a sit/stand option in 45 minute intervals. (Tr. 27). In response, the witness identified a significant number of jobs at the light and sedentary exertional levels in the regional and national economy, which could still be performed. (Tr. 27-28). The ALJ relied upon this information to support the denial decision. (Tr. 53-54).

The hypothetical question did not fairly characterize Mosley's physical condition. The ALJ purported to rely upon the opinions of Dr. Carlos Hernandez and Dr. Robert Brown, the non-examining medical reviewers, in assessing the

plaintiff's residual functional capacity. (Tr. 51). Each reviewer opined that the claimant would be limited to light level work restricted from a full range by an inability to more than occasionally climb ladders, ropes and scaffolds, stoop, or crouch and a need to avoid concentrated exposure to vibrations. (Tr. 424-431, 463-470). The ALJ omitted the restrictions concerning climbing and exposure to vibrations from his findings and the hypothetical factor without explanation. Therefore, these reports do not support the administrative denial decision.

Dr. Alison Bailey examined Mosley in July of 2007 and diagnosed chronic low back pain (being status post L4-S1 fusion), right hip pain and sinus tachycardia. (Tr. 416). Dr. Bailey opined that the plaintiff was limited to a "mild to moderate" amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling and lifting or carrying heavy objects. (Id.). The doctor included limitations concerning bending, kneeling, pushing and pulling which were rejected by the ALJ. (Tr. 51). Thus, this report also does not support the administrative denial decision.

Dr. Magdy El-Kalliny, Mosley's treating neurosurgeon, opined that the plaintiff would be restricted from lifting, pushing or pulling more than 15 pounds and had an inability to sit for more than six hours a day with a standing or walking type break every 45 minutes, an inability to stand for more than four hours a day with a break every 20 minutes, an inability to walk for more than four hours a day with a 10 minute break every 30 minutes, an inability to ever stoop, and an inability to more

than occasionally squat, climb stairs, crawl, or crouch. (Tr. 379). This opinion was based upon a functional capacity evaluation performed by David Escobar, a physical therapist at Bluegrass Physiotherapy.[1] (Tr. 359-371, 379). The ALJ rejected this opinion as binding because she did not believe that it was well supported by the medical record. (Tr. 52). She noted that Escobar's evaluation had revealed that the claimant was able to pull up to 50 pounds and push more than 70 pounds and that the physical therapist had indicated that he relied heavily upon the plaintiff's self-reported complaints in making his assessment. (Id.). These would appear solid reasons to reject the doctor's opinion. Nevertheless, the opinion of Dr. El-Kalliny also does not support the administrative denial decision.

Dr. Matthew Nicholls was the only other physician of record to identify specific physical restrictions. Dr. Nicholls examined Mosley in May of 2007 and opined that she would be unable to lift more than 15 pounds, would be unable to ever bend, stoop, or crawl, and she should not sit for more than 4 hours a day. (Tr. 388). These restrictions are also more severe than those found by the ALJ and, so, this opinion also does not support the administrative denial decision.

All of the treating, examining and reviewing sources of record indicated the existence of more severe physical limitations than those found by the ALJ.

---

[1] As a physical therapist, Escobar would not be an "acceptable medical source" whose opinion would be binding on the ALJ under the federal regulations. 20 C.F.R. § 404.1513.

11-85 Jackie Lynn Mosley

Therefore, the denial decision cannot be found to have been supported by substantial evidence and a remand of the action is required.

Mosley objects to the ALJ's decision to reject the opinion of Psychologist Daniel Sprague, an examining consultant, and find that she did not suffer from a "severe" mental impairment. (Tr. 48, 52). Sprague examined the plaintiff in October of 2007 and reported a diagnostic impression of a generalized anxiety disorder, a depressive disorder, and a pain disorder associated with general medical condition. (Tr. 448). The examiner rated the claimant's Global Assessment of Functioning (GAF) at 52. (Id.). Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. The ALJ gave this opinion no weight because she considered it inconsistent with Mosley's lack of treatment for her alleged psychological symptoms and due to her failure to mention mental health symptoms to her medical providers. (Tr. 52). However, the Sixth Circuit Court of Appeals has stated that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989). The only other mental health professional of record, Ed Ross, opined that the claimant did not suffer from a "severe" mental impairment. (Tr. 449). However, Ross reviewed the record in October of 2007 (Id.) while Sprague's opinion was not

11-85  Jackie Lynn Mosley

received into the record until November 16, 2007 (Tr. 436).  Thus, Ross had no opportunity to see and comment upon the opinion of Sprague.  Therefore, the ALJ should at least have sought the advice of a medical advisor who had seen a complete record before substituting her lay opinion for that of the examining mental health professional.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 1st day of February, 2012.

Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**